Nancy M. Erfle, OSB No. 902570
nerfle@grsm.com
Direct dial: (503) 382-3852
Julie Bardacke Haddon, OSB No. 004884
jhaddon@grsm.com
Direct dial: (503) 382-3851
David W. Cramer, OSB No. 113621
dcramer@grsm.com
Direct Dial: (503) 382-3844
GORDON REES SCULLY MANSUKHANI, LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204
Facsimile: (503) 616-3600

Attorneys for Defendants,
Applied Medical Resources Corporation and Applied Medical Distribution
Corporation

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| AMBER LEE FACTOR and MICHAEL FACTOR, husband and wife;<br><br>Plaintiffs,<br><br>vs.<br><br>APPLIED MEDICAL RESOURCES CORPORATION, a California Corporation; APPLIED MEDICAL DISTRIBUTION CORPORATION, a California Corporation; and SWEDISH MEDICAL CENTER, a corporation doing business in the state of Washington,<br><br>Defendants. | Case No. 3:16-cv-02213-MO<br><br>AMENDMENT TO STIPULATED PROTECTIVE ORDER |

The parties to this action, Amber Lee Factor, Michael Factor, Applied Medical Resources

Corporation, and Applied Medical Distribution Corporation (collectively the "Parties") have

stipulated to the terms of the protective order, attached hereto as Exhibit A, which has been filed

---

AMENDMENT TO STIPULATED PROTECTIVE ORDER
Page 1 of 4

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
121 SW Morrison Street, Suite 1575
Portland, OR 97204
Facsimile : (503) 616-3600

with the court.  By this amendment to such protective order, the Parties and third party Swedish

Medical Center, stipulate that the terms of Exhibit A shall apply to any and all documents and

things produced on behalf of third party Swedish Medical Center, including but not limited to

those documents and things requested pursuant to subpoena.

It is so stipulated:

**HUEGLI FRASER, P.C.**

By: s/ *Rhett G. Fraser*
    Rhett G. Fraser, OSB No. 091080
    rhett@hueglifraserlaw.com
    101 SW Main, Suite 1900
    Portland, OR 97204
    Telephone: (971) 266-8877

*Attorneys for Plaintiffs*

Dated: November 14, 2017

**GORDON & REES LLP**

By: s/ *Julie Bardacke Haddon*
    Nancy M. Erfle, OSB No. 902570
    nerfle@grsm.com
    Julie Bardacke Haddon, OSB No. 004884
    jhaddon@grsm.com
    David W. Cramer, OSB No. 113621
    dcramer@grsm.com
    121 SW Morrison St., Suite 1575
    Portland, OR 97204
    Telephone: (503) 222-1075

*Attorneys for Defendant Applied Medical
Resources Corporation and Applied Medical
Distribution
Corporation*

Dated:  November 14, 2017

**GORDON REES SCULLY
MANSUKHANI,** LLP
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Facsimile :  (503) 616-3600

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN**
**SPILLANE, PLLC**

By: s/ *Jennifer Smitrovich*
Jennifer Smitrovich, OSB No. 165524
Scott M. O'Halloran, OSB No. 160155
jennifers@favors.com
scott@favors.com
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
Telephone: (206) 749-0094

*Attorneys for Third Party Swedish Medical*
*Center*

Dated: November 14, 2017

The Court has reviewed the reasons offered in support of entry of this Amendment to the

Stipulated Protective Order and finds that there is good cause to protect the confidential nature of

certain information. Accordingly, the Court adopts the above Amendment to the Stipulated

Protective Order in this action.

IT IS SO ORDERED.

Dated this 20th day of Nov., 2017.

MICHAEL W. MOSMAN
United States District Judge

**GORDON REES SCULLY**
**MANSUKHANI,** LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204
Facsimile : (503) 616-3600

Nancy M. Erfle, OSB No. 902570
nerfle@grsm.com
Direct dial: 503-382-3852
Julie Bardacke Haddon, OSB No. 004884
jhaddon@grsm.com
Direct dial: 503-382-3851
David W. Cramer, OSB No. 113621
dcramer@grsm.com
Direct Dial: 503-382-3844
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204
Facsimile: (503) 616-3600

Attorneys for Defendants,
Applied Medical Resources Corporation and Applied Medical Distribution
Corporation

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| AMBER LEE FACTOR and MICHAEL FACTOR, husband and wife;<br><br>      Plaintiffs,<br><br>vs.<br><br>APPLIED MEDICAL RESOURCES CORPORATION, a California Corporation; APPLIED MEDICAL DISTRIBUTION CORPORATION, a California Corporation; and SWEDISH MEDICAL CENTER, a corporation doing business in the state of Washington<br><br>      Defendants. | No. 3:16-cv-02213-MO<br><br>**STIPULATED PROTECTIVE ORDER** |

  Amber Lee Factor, Michael Factor, Applied Medical Resources Corporation, Applied

Medical Distribution Corporation, and Swedish Medical Center (collectively, the "Parties") have

requested the production of documents or information that at least one Party considers to be or to

1- STIPULATED PROTECTIVE ORDER

contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). The Parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action involves corporate entities that have competitors in the marketplace and, therefore, documents and information related to their finances, business strategies, manufacturing processes, product design, and other confidential business information, is information of a highly sensitive nature. The Parties agree that the entry of this Stipulated Protective Order (the "Protective Order") is warranted to protect against public disclosure of such documents and information.

Based upon the stipulation of the Parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall only be used in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any Party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving Party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the Party claiming that such information or document was lawfully obtained through means or sources outside of this litigation.

3.      The Parties, and third parties subpoenaed by one of the Parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing Party has a good faith basis for asserting is confidential under the applicable legal standards. The Party shall

2-   STIPULATED PROTECTIVE ORDER

designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4.    If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are to be filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a Party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that Party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating Party is filing a document that another Party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating Party shall file them under seal. If the non-designating Party makes a request in writing to have the document unsealed and the designating Party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a Party must assess whether redaction is a viable alternative to complete nondisclosure.

3-   STIPULATED PROTECTIVE ORDER

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any Party or witness in this case, a Party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the Party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts will be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.      In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c.      Any Party who is an individual, and every employee, director, officer, or manager of any Party who is not an individual, but only to the extent necessary to further the interest of the Parties in this litigation.

    d.      Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation,

4-   STIPULATED PROTECTIVE ORDER

but only to the extent necessary to further the interest of the Parties in this litigation.

e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action.

f.    The authors and the original recipients of the documents.

g.    Any court reporter or videographer reporting a deposition.

h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9.    Prior to being shown any documents produced by another Party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.    Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a Party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating Party may exclude from the room any person, other than persons designated in Paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

11.    Each Party reserves the right to dispute the confidential status claimed by any other Party or subpoenaed party in accordance with this Protective Order. If a Party believes that any documents or materials have been inappropriately designated by another Party or subpoenaed party, that Party shall confer with counsel for the designating party. As part of that

5-  STIPULATED PROTECTIVE ORDER

conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the Parties are unable to resolve the matter informally, a Party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which Party files the motion, the Party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A Party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving Party or its counsel shall not disclose such documents or materials if that Party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving Party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by any party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or not trade secrets. No Party may introduce into evidence in any proceeding between the Parties or subpoenaed parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

6-    STIPULATED PROTECTIVE ORDER

14.    Upon the request of the producing Party or subpoenaed party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the Parties to resolve amicably and settle this case, the Parties and any person authorized by this Protective Order to receive confidential information shall return to the producing Party or subpoenaed party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a Party may retain archival copies of confidential documents.

15.    This Protective Order shall not constitute a waiver of any Party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

16.    Nothing in this Protective Order shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and this Court shall retain jurisdiction over this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18.    This Order does not govern the use of any documents at trial. Prior to trial, the Court shall, with input from the Parties, determine the most effective means and methods for preserving the intent of this Order while still introducing into evidence at trial any documents or information produced subject to this Order.

It is so stipulated:

7-  STIPULATED PROTECTIVE ORDER

HUEGLI FRASER P.C.

By: s/

    Rhett G. Fraser, OSB No. 091080
    rhett@hueglifraserlaw.com
    101 SW Main, Suite 1900
    Portland, OR 97204
    Telephone: (971) 266-8877

*Attorneys for Plaintiffs*

Dated: __9 / 29__ , 2017

GORDON & REES LLP

By: *s/ Julie Bardacke Haddon*

    Nancy M. Erfle, OSB No. 902570
    nerfle@grsm.com
    Julie Bardacke Haddon, OSB No. 004884
    jhaddon@grsm.com
    David W. Cramer, OSB No. 113621
    dcramer@grsm.com
    121 SW Morrison St., Suite 1575
    Portland, OR 97204
    Telephone: (503) 222-1075

*Attorneys for Defendant Applied Medical
Resources Corporation and Applied Medical
Distribution
Corporation*

Dated: __09/29__ , 2017

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN
SPILLANE, PLLC

By: _____

    Jennifer Smitrovic, OSB No. 165524
    Scott M. O'Halloran, OSB No. 160155
    jennifers@favors.com
    scott@favors.com
    701 Fifth Avenue, Suite 4750
    Seattle, WA 98104
    Telephone: (206) 749-0094

*Attorneys for Defendant Swedish Medical
Center*

Dated: _____ , 2017

8- STIPULATED PROTECTIVE ORDER

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

IT IS SO ORDERED.

Dated this 3d day of October , 2017.

MICHAEL W. MOSMAN
United States District Judge

9- STIPULATED PROTECTIVE ORDER

## EXHIBIT A

I, _____, have been advised by counsel of

record for _____ in

_____ of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.


_____
Signed


_____
Printed Name


_____
Date


10- STIPULATED PROTECTIVE ORDER
{1288|2/J4378298v 1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2017, a true and correct copy of the

foregoing document, will be sent electronically and paper copies will be sent via First Class Mail

on November 14, 2017, to those identified below:

Rhett G. Fraser
Huegli Fraser, P.C.
101 SW Main, Suite 1900
Portland, OR 97204
Telephone: (971) 266-8877
Email: rhett@hueglifraserlaw.com
*Attorneys for Plaintiffs*

*s/ Elizabeth Arellano*
Elizabeth Arellano,
Legal Assistant

**GORDON REES SCULLY**

**MANSUKHANI,** LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204
Facsimile : (503) 616-3600